**RIMÔN PC**
Counsel to Kenneth P. Silverman, Esq.,
The Chapter 7 Trustee
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6300
Brian Powers
Meghan Lavine

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re: Chapter 7

LAW OFFICES OF EDWARD J. LAKE, P.C.,
D/B/A THE LAKE LAW FIRM,

Case No. 25-74584-LAS

Debtor.

---------------------------------------------------------------x

KENNETH P. SILVERMAN, chapter 7 Trustee of the bankruptcy estate of the LAW OFFICES OF EDWARD J. LAKE, P.C. D/B/A THE LAKE LAW FIRM,

Adv. Pro. No.:

Plaintiff,

-against-

WINONA FOODS, INC.,

Defendant.

---------------------------------------------------------------x

# COMPLAINT

Kenneth P. Silverman, chapter 7 trustee (the "Plaintiff") of the bankruptcy estate of the Law Offices of Edward J. Lake, P.C., d/b/a The Lake Law Firm (the "Debtor"), for his complaint (the "Complaint") against Winona Foods, Inc. (the "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action brought by Plaintiff, the chapter 7 trustee, for breach of contract and, in the alternative, promissory estoppel, quantum meruit, and unjust enrichment arising from Defendant's failure to pay for services rendered by Debtor.

2. For the benefit of Debtor's estate and its creditors, Plaintiff now seeks to recover payment for the amounts owed to Debtor's estate, which Defendant has an obligation to make.

## JURISDICTION AND VENUE

3. This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of New York and is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(A), (E), and (O) and 1334, and Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4. The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

5. This Court is the proper venue for this adversary proceeding in accordance with 28 U.S.C. § 1409(a).

6. Pursuant to Bankruptcy Rule 7008, the Plaintiff consents to the entry of final orders and judgments by the Court presiding over this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## THE PARTIES

7. At all relevant times mentioned herein, Plaintiff Kenneth P. Silverman was and is the chapter 7 trustee of the Debtor's estate and maintains an office at c/o Rimôn PC, 100 Jericho

Quadrangle, Suite 300, Jericho, New York. Plaintiff is authorized to file this action under § 323 of the Bankruptcy Code and Rule 6009 of the Bankruptcy Rules.

8. Upon information and belief, at all relevant times mentioned herein, Defendant Winona Foods, Inc. is a corporation incorporated under the laws of the State of Wisconsin with a principal place of business at 1521 Brookfield Avenue, Green Bay, WI 54313-8807.

## STATEMENT OF FACTS

9. On or about December 15, 2022, Debtor and Defendant entered into an agreement (the "Agreement") pursuant to which Debtor agreed to act as an agent on behalf of Square Kilometer (the "Services Providers").

10. Pursuant to the Agreement, Debtor agreed to represent, aid, and assist Defendant in calculating, preparing, and applying for Defendant's Employee Retention Tax Credits ("ERC" or "ERTC").

11. Under the Agreement, Debtor also agreed to assist in the delivery of necessary documents and information to the Internal Revenue Service ("IRS"), regarding any applicable tax credits.

12. Debtor, as the agent of Services Provider, was authorized to invoice Defendant for services provided pursuant to the Agreement, receive payment(s) for those services, and take any and all actions it deemed necessary or desirable in collecting any unpaid fees and/or other charges owed by Defendant pursuant to the Agreement.

13. The Agreement provided that Defendant pay Debtor a 20% contingency fee (the "Fee") of the payment received from the United States Department of Treasury (the "Department") and/or the IRS within five (5) business days of Defendant's receipt of payment.

14. Debtor duly performed its obligations under the Agreement, including providing all required services to Defendant.

15. On or about December 15, 2025, Defendant received two (2) separate payments from the IRS related to the ERC program. Defendant received $1,981,440.80 as a refund for the first quarter of 2021 and $2,029,582.48 as a refund for the second quarter of 2021, for a total of $4,011,023.28 in refunds from the IRS for tax year 2021 (the "Refund").

16. As a result of Debtor providing its services and Defendant receiving the refunds, Defendant owes Debtor a Fee of $802,204.66.

17. Defendant has failed to make any payment toward the $802,204.66 Fee, as required under the Agreement.

18. Defendant's failure to make payment constitutes a material breach of the Agreement.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### [Breach of Contract]

19. Plaintiff repeats and realleges paragraphs 1 through 18 as fully set forth herein.

20. On or about December 15, 2022, Defendant and Debtor entered into a valid and enforceable written Agreement.

21. Under the material terms of the Agreement, Debtor, as agent of the Services Provider, agreed to provide Defendant with services including representing, aiding, and assisting Defendant in calculating, preparing, and applying for Defendant's ERTC.

22. In exchange for such services, Defendant agreed to pay Debtor the Fee as reflected in the Agreement.

23. Debtor duly performed its obligations under the Agreement, including all required services to Defendant.

24. Defendant breached the material terms of the Agreement by failing to make the required payments to Debtor.

25. As a result of Defendant's breach, Debtor's estate has suffered damages in the amount of $802,204.66.

**SECOND CLAIM FOR RELIEF**
**[Promissory Estoppel]**

26. Plaintiff repeats and realleges paragraphs 1 through 25 as fully set forth herein.

27. Plaintiff alleges in the alternative to his breach of contract claim, that Plaintiff is entitled to recover under the doctrine of promissory estoppel if it is determined that either a valid and enforceable contract does not exist, the existing contract does not cover the subject matter of the dispute between Plaintiff and Defendant, or the existing contract is void, invalid, or unenforceable.

28. Defendant made a clear, definite, and unambiguous promise to pay Debtor the Fee.

29. Defendant should have reasonably expected the promise would cause Debtor to reasonably act by providing its services to Defendant in reliance on the promise.

30. The Debtor acted in reasonable reliance on the promise by providing services to Defendant.

31. Debtor's reliance on Defendant's promise caused actual injury to Debtor, and as a result, to the Debtor's estate.

32. Injustice cannot be avoided except by enforcement of Defendant's promise to pay Debtor for its services.

**THIRD CLAIM FOR RELIEF**
**[Quantum Meruit Under New York Law]**

33. Plaintiff repeats and realleges paragraphs 1 through 32 as fully set forth herein.

34. Plaintiff alleges in the alternative to his breach of contract claim, that Plaintiff is entitled to recover in quantum meruit if it is determined that either a valid and enforceable contract does not exist, the existing contract does not cover the subject matter of the dispute between Plaintiff and Defendant, Plaintiff and/or Debtor performed services that were outside of or over and above those contemplated by the existing contract, or the existing contract is void, invalid, or unenforceable.

35. Debtor provided services in good faith to Defendant including representing, aiding, and assisting Defendant in calculating, preparing, and applying for Defendant's ERTC.

36. The services were provided at Defendant's behest, and Defendant knowingly and voluntarily accepted the services that the Debtor provided.

37. Defendant was aware and knew that Debtor was not providing the services gratuitously, as Defendant agreed to pay Debtor the Fee.

38. Defendant knew that Debtor reasonably expected to be paid for the services provided.

39. Debtor completed the work and sent invoices to Defendant for the reasonable value of the services provided.

40. Defendant has not paid Debtor in full for the reasonable value of the services provided.

41. The reasonable value of the services provided by Debtor is $802,204.66, the total Fee.

42. As a result of Defendant's failure to provide payment for the reasonable value of services rendered, the Debtor, and as a result the Debtor's estate has been damaged in the amount of $802,204.66 plus interest, costs, and expenses.

**FOURTH CLAIM FOR RELIEF**
**[Unjust Enrichment Under New York Law]**

43. Plaintiff repeats and realleges paragraphs 1 through 42 as fully set forth herein.

44. Plaintiff alleges in the alternative to his breach of contract claim, that Plaintiff is entitled to recover under the doctrine of unjust enrichment if it is determined that either a valid and enforceable contract does not exist, the existing contract does not cover the subject matter of the dispute between Plaintiff and Defendant, or the existing contract is void, invalid, or unenforceable.

45. Debtor provided services to Defendant prior to Defendant receiving the Refund, including representing, aiding, and assisting Defendant in calculating, preparing, and applying for Defendant's ERTC.

46. Defendant was enriched in the amount of $802,204.66 as a result of Debtor's services.

47. The enrichment of Defendant was at the expense of Debtor.

48. The circumstances relating to the services provided by Debtor are such that equity and good conscience require Defendant to compensate the Debtor's estate in the amount of $802,204.66 plus interest, costs, and expenses.

**RESERVATION OF RIGHTS**

49. During the course of this adversary proceeding, the Plaintiff may learn (through discovery or otherwise) of additional causes of action. Accordingly, the Plaintiff reserves his right to amend this Complaint to include: (i) further information regarding the allegations herein; (ii) revisions to the Defendant's name (iii) additional defendants; (iv) additional causes of action;

and/or (v) to seek recovery of such additional transfers (the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the Complaint.

**WHEREFORE**, the Plaintiff respectfully demands: (i) judgment against the Defendant consistent with the allegations set forth in the Complaint, together with (ii) such other, further, and different relief that this Court deems just, proper, and equitable under the facts and circumstances herein.

Dated: Jericho, New York
July 8, 2026

**RIMÔN PC**
Counsel to Kenneth P. Silverman,
chapter 7 Trustee of the bankruptcy estate
of the Law Offices of Edward J. Lake, P.C., d/b/a
The Lake Law Firm

By: */s/ Meghan Lavine*
Meghan Lavine
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
(516) 479-6312
meghan.lavine@rimonlaw.com