**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| LAW OFFICES OF EDWARD J. LAKE, P.C., D/B/A THE LAKE LAW FIRM,<br><br>Debtor. | Case No. 25-74584-LAS |
| KENNETH P. SILVERMAN, chapter 7 Trustee of the bankruptcy estate of the LAW OFFICES OF EDWARD J. LAKE, P.C. D/B/A THE LAKE LAW FIRM,<br><br>Plaintiff,<br><br>-against-<br><br>WINONA FOODS, INC.,<br><br>Defendant. | Adv. Pro. No.: 26-08069-LAS |

---------------------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES OF WINONA FOODS, INC.

Winona Foods, Inc. ("**Defendant**" or "**Winona**"), by its attorneys Raines Feldman Littrell LLP and Michael Best & Friedrich, LLP, hereby responds to the Complaint filed on July 8, 2026 (Dkt. 1; the "**Complaint**") by Chapter 7 Trustee Kenneth P. Silverman ("**Plaintiff**" or the "**Trustee**"):

## ANSWER

### Nature of The Action

1. This is an action brought by Plaintiff, the chapter 7 trustee, for breach of contract and, in the alternative, promissory estoppel, quantum meruit, and unjust enrichment arising from Defendant's failure to pay for services rendered by Debtor.

**Answer:** Defendant admits that the Complaint alleges a claim for breach of contract and, in the alternative, alleges claims for promissory estoppel, quantum meruit, and unjust enrichment, but denies Plaintiff is entitled to any of the relief requested in the Complaint and denies any liability related to any claims asserted in the Complaint.[1]

2. For the benefit of Debtor's estate and its creditors, Plaintiff now seeks to recover payment for the amounts owed to Debtor's estate, which Defendant has an obligation to make.

**Answer:** Defendant admits the nature of the action but denies Plaintiff is entitled to any of the relief requested in the Complaint and denies any liability related to any claims asserted in the Complaint.

Jurisdiction And Venue

3. This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of New York and is a "core proceeding" under 28 U.S.C. §§ 157(b)(2)(A), (E), and (0) and 1334, and Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Answer:** Admit.

4. The United States Bankruptcy Court for the Eastern District of New York has jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334.

**Answer:** Admit.

5. This Court is the proper venue for this adversary proceeding in accordance with 28 U.S.C. § 1409(a).

---

[1] Throughout this Answer, Defendant construes and uses the term "Debtor" to mean the above-captioned Debtor, Law Offices of Edward J. Lake, P.C., d/b/a the Lake Law Firm.

**Answer:** Admit.

6. Pursuant to Bankruptcy Rule 7008, the Plaintiff consents to the entry of final orders and judgments by the Court presiding over this adversary proceeding if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

**Answer:** Pursuant to Fed. R. Bankr. P. 7012(b), Defendant consents to the entry of final orders and judgment by the Bankruptcy Court.

<u>The Parties</u>

7. At all relevant times mentioned herein, Plaintiff Kenneth P. Silverman was and is the chapter 7 trustee of the Debtor's estate and maintains an office at c/o Rimon PC, 100 Jericho Quadrangle, Suite 300, Jericho, New York. Plaintiff is authorized to file this action under§ 323 of the Bankruptcy Code and Rule 6009 of the Bankruptcy Rules.

**Answer:** Admit.

8. Upon information and belief, at all relevant times mentioned herein, Defendant Winona Foods, Inc. is a corporation incorporated under the laws of the State of Wisconsin with a principal place of business at 1521 Brookfield Avenue, Green Bay, WI 54313-8807.

**Answer:** Admit.

<u>Statement of Facts</u>

9. On or about December 15, 2022, Debtor and Defendant entered into an agreement (the "**Agreement**") pursuant to which Debtor agreed to act as an agent on behalf of Square Kilometer (the "**Services Providers**").

**Answer:** Admit that the Debtor and Defendant entered into an agreement on or about December 15, 2022 and affirmatively assert that the Agreement (as defined

in the Complaint) speaks for itself. Defendant denies the remaining allegations in paragraph 9 of the Complaint.

10. Pursuant to the Agreement, Debtor agreed to represent, aid, and assist Defendant in calculating, preparing, and applying for Defendant's Employee Retention Tax Credits ("ERC" or "ERTC").

**Answer:** Defendant affirmatively asserts that the Agreement speaks for itself.

11. Under the Agreement, Debtor also agreed to assist in the delivery of necessary documents and information to the Internal Revenue Service ("IRS"), regarding any applicable tax credits.

**Answer:** Defendant affirmatively asserts that the Agreement speaks for itself.

12. Debtor, as the agent of Services Provider, was authorized to invoice Defendant for services provided pursuant to the Agreement, receive payment(s) for those services, and take any and all actions it deemed necessary or desirable in collecting any unpaid fees and/or other charges owed by Defendant pursuant to the Agreement.

**Answer:** Admit only to the extent that paragraph 12 of the Complaint restates paragraph 4 of the Agreement nearly verbatim. Deny to the extent that paragraph 12 of the Complaint implies that the Debtor acted in any capacity other than a law firm retained by Winona Foods to provide legal services.

13. The Agreement provided that Defendant pay Debtor a 20% contingency fee (the "Fee") of the payment received from the United States Department of Treasury (the "Department") and/or the IRS within five (5) business days of Defendant's receipt of payment.

**Answer:** Admit that the Agreement contains a 20% contingency fee provision. Deny the remaining allegations of paragraph 13 of the Complaint.

14. Debtor duly performed its obligations under the Agreement, including providing all required services to Defendant.

**Answer:** Deny.

15. On or about December 15, 2025, Defendant received two (2) separate payments from the IRS related to the ERC program. Defendant received $1,981,440.80 as a refund for the first quarter of 2021 and $2,029,582.48 as a refund for the second quarter of 2021, for a total of $4,011,023.28 in refunds from the IRS for tax year 2021 (the "Refund").

**Answer:** Admit that Defendant received payments from the IRS in the total amount of $4,011,023.28 comprised of a payment in the amount of $1,981,440.80 for the first quarter of 2021 and $2,029,582.48 for the second quarter of 2021. Deny to the extent that the phrase "related to the ERC program" attempts to inflate the contingent liability allegedly owed to the Debtor to include amounts other than the actual ERTC amount only.

16. As a result of Debtor providing its services and Defendant receiving the refunds, Defendant owes Debtor a Fee of $802,204.66.

**Answer:** Deny.

17. Defendant has failed to make any payment toward the $802,204.66 Fee, as required under the Agreement.

**Answer:** Admit that Defendant has not made this payment to the Debtor but deny that the payment is owed.

18. Defendant's failure to make payment constitutes a material breach of the Agreement.

**Answer:** Paragraph 18 of the Complaint states one or more legal conclusions as to which no response is required. To the extent that Plaintiff asserts any factual allegations in paragraph 18 of the Complaint, Defendant denies all allegations. Defendant specifically denies that it breached the Agreement.

First Claim For Relief
[Breach Of Contract]

19. Plaintiff repeats and realleges paragraphs 1 through 18 as fully set forth herein.

**Answer:** Defendant repeats its answers to paragraphs 1 through 18 of the Complaint.

20. On or about December 15, 2022, Defendant and Debtor entered into a valid and enforceable written Agreement.

**Answer:** Paragraph 20 of the Complaint states one or more legal conclusions as to which no response is required. To the extent that Plaintiff asserts any factual allegations in paragraph 20 of the Complaint, other than the existence of the Agreement (which Defendant admits), Defendant denies all allegations.

21. Under the material terms of the Agreement, Debtor, as agent of the Services Provider, agreed to provide Defendant with services including representing, aiding, and assisting Defendant in calculating, preparing, and applying for Defendant's ERTC.

**Answer:** Paragraph 21 of the Complaint states one or more legal conclusions as to which no response is required. To the extent that Plaintiff asserts any factual allegations in paragraph 21 of the Complaint, other than the existence of the Agreement (which Defendant admits), Defendant denies all allegations.

22. In exchange for such services, Defendant agreed to pay Debtor the Fee as reflected in the Agreement.

**Answer:** Deny.

23. Debtor duly performed its obligations under the Agreement, including all required services to Defendant.

**Answer:** Deny.

24. Defendant breached the material terms of the Agreement by failing to make the required payments to Debtor.

**Answer:** Paragraph 24 of the Complaint states one or more legal conclusions as to which no response is required. To the extent that Plaintiff asserts any factual allegations in paragraph 24 of the Complaint, other than the existence of the Agreement (which Defendant admits), Defendant denies all allegations. Defendant specifically denies that it breached the Agreement.

25. As a result of Defendant's breach, Debtor's estate has suffered damages in the amount of $802,204.66.

**Answer:** Deny.

Second Claim for Relief
[Promissory Estoppel]

26. Plaintiff repeats and realleges paragraphs 1 through 25 as fully set forth herein.

**Answer:** Defendant repeats its answers to Paragraphs 1 through 25 of the Complaint.

27. Plaintiff alleges in the alternative to his breach of contract claim, that Plaintiff is entitled to recover under the doctrine of promissory estoppel if it is determined that either a valid

and enforceable contract does not exist, the existing contract does not cover the subject matter of the dispute between Plaintiff and Defendant, or the existing contract is void, invalid, or unenforceable.

**Answer:** Paragraph 27 of the Complaint states one or more legal conclusions as to which no response is required. To the extent that Plaintiff asserts any factual allegations in paragraph 27 of the Complaint, Defendant denies all allegations. Further answering paragraph 27 of the Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 27 of the Complaint.

28. Defendant made a clear, definite, and unambiguous promise to pay Debtor the Fee.

**Answer:** Admit that Defendant retained the Debtor to provide certain legal services and that Defendant agreed to pay for those legal services, subject in all respects to Defendant's defenses, limitations, and offsets. Deny all remaining allegations of paragraph 28 of the Complaint.

29. Defendant should have reasonably expected the promise would cause Debtor to reasonably act by providing its services to Defendant in reliance on the promise.

**Answer:** Admit that Defendant retained the Debtor to provide certain legal services and that Defendant agreed to pay for those legal services, subject in all respects to Defendant's defenses, limitations, and offsets. Deny all remaining allegations of paragraph 29 of the Complaint.

30. The Debtor acted in reasonable reliance on the promise by providing services to Defendant.

**Answer:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 30 of the Complaint and accordingly denies same.

31. Debtor's reliance on Defendant's promise caused actual injury to Debtor, and as a result, to the Debtor's estate.

**Answer:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 31 of the Complaint and accordingly denies same. Further answering paragraph 31 of the Complaint, Defendant denies any actual injury to the Debtor and the Debtor's estate.

32. Injustice cannot be avoided except by enforcement of Defendant's promise to pay Debtor for its services.

**Answer:** Paragraph 32 of the Complaint states one or more legal conclusions as to which no response is required. To the extent that Plaintiff asserts any factual allegations in paragraph 32 of the Complaint, Defendant denies all allegations. Further answering paragraph 32 of the Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 32 of the Complaint.

Third Claim for Relief
[Quantum Meruit Under New York Law]

33. Plaintiff repeats and realleges paragraphs 1 through 32 as fully set forth herein.

**Answer:** Defendant repeats its answers to Paragraphs 1 through 32 of the Complaint.

34. Plaintiff alleges in the alternative to his breach of contract claim, that Plaintiff is entitled to recover in quantum meruit if it is determined that either a valid and enforceable contract

does not exist, the existing contract does not cover the subject matter of the dispute between Plaintiff and Defendant, Plaintiff and/or Debtor performed services that were outside of or over and above those contemplated by the existing contract, or the existing contract is void, invalid, or unenforceable.

**Answer:** Paragraph 34 of the Complaint states one or more legal conclusions as to which no response is required. To the extent that Plaintiff asserts any factual allegations in paragraph 34 of the Complaint, Defendant denies all allegations. Further answering paragraph 34 of the Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 34 of the Complaint.

35. Debtor provided services in good faith to Defendant including representing, aiding, and assisting Defendant in calculating, preparing, and applying for Defendant's ERTC.

**Answer:** Admit that Defendant retained the Debtor to provide certain legal services but lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 35 of the Complaint and accordingly denies same.

36. The services were provided at Defendant's behest, and Defendant knowingly and voluntarily accepted the services that the Debtor provided.

**Answer:** Deny.

37. Defendant was aware and knew that Debtor was not providing the services gratuitously, as Defendant agreed to pay Debtor the Fee.

**Answer:** Admit that Defendant retained the Debtor to provide certain legal services and that Defendant agreed to pay for those legal services, subject in all respects to

Defendant's defenses, limitations, and offsets. Deny all remaining allegations of paragraph 37 of the Complaint.

38. Defendant knew that Debtor reasonably expected to be paid for the services provided.

**Answer:** Defendant lacks knowledge and information sufficient to form a belief about the truth of the allegations of paragraph 38 of the Complaint and accordingly denies same.

39. Debtor completed the work and sent invoices to Defendant for the reasonable value of the services provided.

**Answer:** Deny.

40. Defendant has not paid Debtor in full for the reasonable value of the services provided.

**Answer:** Deny.

41. The reasonable value of the services provided by Debtor is $802,204.66, the total Fee.

**Answer:** Deny.

42. As a result of Defendant's failure to provide payment for the reasonable value of services rendered, the Debtor, and as a result the Debtor's estate has been damaged in the amount of $802,204.66 plus interest, costs, and expenses.

**Answer:** Paragraph 42 of the Complaint states one or more legal conclusions as to which no response is required. To the extent that Plaintiff asserts any factual allegations in paragraph 42 of the Complaint, Defendant denies all allegations.

Fourth Claim for Relief
[Unjust Enrichment Under New York Law]

43. Plaintiff repeats and realleges paragraphs 1 through 42 as fully set forth herein.

**Answer:** Defendant repeats its answers to Paragraphs 1 through 42 of the Complaint.

44. Plaintiff alleges in the alternative to his breach of contract claim, that Plaintiff is entitled to recover under the doctrine of unjust enrichment if it is determined that either a valid and enforceable contract does not exist, the existing contract does not cover the subject matter of the dispute between Plaintiff and Defendant, or the existing contract is void, invalid, or unenforceable.

**Answer:** Paragraph 44 of the Complaint states one or more legal conclusions as to which no response is required. To the extent that Plaintiff asserts any factual allegations in paragraph 44 of the Complaint, Defendant denies all allegations. Further answering paragraph 44 of the Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 44 of the Complaint.

45. Debtor provided services to Defendant prior to Defendant receiving the Refund, including representing, aiding, and assisting Defendant in calculating, preparing, and applying for Defendant's ERTC.

**Answer:** Admit that Defendant retained the Debtor to provide legal services and that it received certain ERTC refunds. Defendant lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of paragraph 45 of the Complaint and accordingly denies same.

46. Defendant was enriched in the amount of $802,204.66 as a result of Debtor's services.

**Answer:** Deny.

47. The enrichment of Defendant was at the expense of Debtor.

**Answer:** Deny.

48. The circumstances relating to the services provided by Debtor are such that equity and good conscience require Defendant to compensate the Debtor's estate in the amount of $802,204.66 plus interest, costs, and expenses.

**Answer:** Paragraph 48 of the Complaint states one or more legal conclusions as to which no response is required. To the extent that Plaintiff asserts any factual allegations in paragraph 48 of the Complaint, Defendant denies all allegations. Further answering paragraph 48 of the Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested in paragraph 48 of the Complaint.

Reservation of Rights

49. During the course of this adversary proceeding, the Plaintiff may learn (through discovery or otherwise) of additional causes of action. Accordingly, the Plaintiff reserves his right to amend this Complaint to include: (i) further information regarding the allegations herein; (ii) revisions to the Defendant's name (iii) additional defendants; (iv) additional causes of action; and/or (v) to seek recovery of such additional transfers (the "Amendments"), that may become known to the Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to the Complaint.

**Answer:** Defendant denies any liability to Plaintiff under the Agreement. Defendant reserves its rights to amend this Answer as necessary, or respond further to any "Amendments" filed by Plaintiff.

As to Wherefore Paragraph

50. WHEREFORE, the Plaintiff respectfully demands: (i) judgment against the Defendant consistent with the allegations set forth in the Complaint, together with (ii) such other, further, and different relief that this Court deems just, proper, and equitable under the facts and circumstances herein.

**Answer:** Defendant denies that Plaintiff is entitled to any of the relief requested in the Complaint, denies any liability related to any claims asserted in the Complaint, and denies each and every allegation in the Complaint to which a responsive pleading is required that is otherwise not responded to above.

## AFFIRMATIVE DEFENSES

As for its affirmative defenses, Defendant (referred to below as Winona Foods) states as follows, without assuming any burden of proof not imposed on Defendant by law:

### Background Facts Applicable to Affirmative Defenses

***The Debtor's Miscalculation of Fees Owed for Quarter 1 of 2020***

51. The Debtor was obligated to provide certain legal services to Winona Foods as evidenced by that certain Client Services Agreement dated as of December 15, 2022 (the "**Agreement**").

52. Without limitation, Paragraph 3 of the Agreement states that the Debtor "will assist in the delivery of necessary documents and information to the Internal Revenue Service, ('IRS'), regarding the applicable federal tax credits."

53. Pursuant to the Agreement, Winona Foods retained the Debtor to provide certain legal services to Winona Foods with respect to Employee Retention Tax Credit ("**ERTC**") refund claims as to which Winona Foods was or may have been eligible for calendar years 2020 and 2021.

54. For calendar year 2020, the Debtor submitted ERTC refund claims on behalf of Winona Foods for Quarter 2, Quarter 3, and Quarter 4.

55. The IRS issued a refund to Winona Foods for Quarter 2 of 2020 in the following amounts: $305,488.63 for the ERTC, $83,383.40 for the tax decrease, and $60,677.08 for interest, for a total payment of $449,549.11 (the "**Q2 2020 Total**").

56. The Debtor issued an invoice to Winona Foods dated May 7, 2025 in the amount of $89,909.82 (the "**Q2 2020 Invoice**"), which equals 20% of the Q2 2020 Total.

57. Winona Foods paid the amounts reflected on the Q2 2020 Invoice.

58. Subsequent to making the payment of $89,909.82 to the Debtor, Winona Foods determined that the Debtor overstated the amount of fees owed with respect to the ERTC refund Claim for Quarter 1 of 2020 by including the tax decrease ($83,383.40) and credit interest allowed ($60,677.08) amounts in the calculation of the 20% fee owed under the Agreement.

59. The Agreement only applies to the ERTC portion of the refund, not to any other amounts refunded to Winona Foods like the tax decrease or credit interest allowed.

60. Therefore, the correct calculation of any fees owed to the Debtor for Quarter 1 of 2020 is 20% of the $305,488.63 ERTC only, which is $61,097.73.

61. As a result, Winona Foods overpaid the Debtor by $28,812.09 for legal services rendered under the Agreement relating to Quarter 1 of 2020.

***The Debtor's Failure to Respond to IRS's Request for Additional Information***

62. The Debtor also submitted ERTC refund claims for Quarter 3 and Quarter 4 of 2020.

63. After receipt of these claims, the IRS responded to Winona Foods with requests for additional information supporting the requested refunds by two letters dated February 13, 2026

(the "**Audit Requests**"), one relating to the refund request for Quarter 3 of 2020 and the other relating to the request for Quarter 4 of 2020.

64. Winona Foods sent the Audit Requests to the Debtor, to the attention of Attorney Shelby Morales. Winona Foods requested assistance in responding to the Audit Requests, which is consistent with the legal services that the Debtor agreed to provide to Winona Foods under the Agreement.

65. The Debtor failed to assist Winona Foods in responding to the Audit Requests despite Winona's repeated requests for assistance.

66. The Debtor did not terminate the Agreement prior to its refusal to respond to the Audit Requests.

67. As a result of the Debtor's failure to assist Winona Foods in responding to the Audit Requests, Winona Foods retained separate advisors to assist with its response.

68. Winona Foods incurred additional expense and delay relating to the Debtor's failure to provide legal services to Winona Foods in response to the Audit Requests, despite the Debtor's continuing obligation to do so under the Agreement.

***The Debtor's Erroneous Advice Regarding ERTC Refund Claim for Q3 2021***

69. For calendar year 2021, the ERTC refund claims that form the basis for the Complaint relate to Quarter 1 and Quarter 2.

70. The Debtor advised Winona Foods that it was not eligible for any ERTC refunds for the third quarter of 2021 ("**Q3 2021**").

71. Winona Foods relied upon this advice and did not initially submit a refund request for Q3 2021.

72. In the course of advising Winona Foods with respect to the Audit Requests,

Winona's advisors asked Winona Foods why it did not submit an ERTC refund request for Q3 2021.

73. Winona Foods informed its advisors that it did not submit a request due to legal advice provided to Winona Foods by the Debtor.

74. Upon further investigation, Winona's advisors concluded that Winona Foods may have been eligible for ERTC refunds for Q3 2021.

75. As a result of this new information, Winona Foods proceeded to submit an ERTC refund request for Q3 2021, but the submission was technically after the ERTC refund request deadline.

76. The Q3 2021 refund request remains pending.

In light of the foregoing, Defendant asserts the following affirmative defenses to the relief request in the Complaint:

A. The Complaint fails to state a claim upon which relief can be granted.

B. The Agreement is unconscionable under New York law because the Agreement contains a contingent fee structure which (a) is prohibited by ethical rules applicable to the services reflected by the Agreement, including but not limited to 31 C.F.R. 10.27 (part of IRS Circular 230), and (b) results in a total fee obligation which is disproportionate to the value of contemplated services.

C. The Debtor violated its common law fiduciary duties to Defendant, including but not limited to such duties as provided in N.Y. Rule of Pro. Conduct 1.1 and N.Y. Rule of Pro. Conduct 1.3, and therefore forfeited its right to collect fees for any services rendered, by (a) failing assist Defendant with respect to Audit Requests from the IRS related to the refund claims for the

third and fourth quarters of 2020; and (b) erroneously advising Defendant that it was ineligible for an ERTC refund for the third quarter of 2021.

D. Any liability of Defendant must be reduced, in full or in part, under the doctrines of setoff and/or recoupment to account for the damages suffered by the Defendant as a result of the Debtor's failure to exercise the degree of care, skill, and diligence required of attorneys under New York law, including but not limited to (a) the costs of hiring additional professionals to remedy the Debtor's failures; (b) the value of the third quarter 2021 refund which the Debtor and its attorneys erroneously advised Defendant not to seek; and (c) for any further and yet unknown losses or damages suffered by Defendant.

E. Any liability of Defendant must be further reduced to account for the $28,812.09 overpayment in connection with a ERTC claim for the second quarter of 2020, because Defendant paid $89,909.82 to the Debtor but only $61,097.73 was actually due to the Debtor according to the Agreement.

F. Plaintiff's request for relief is barred, in whole or in part, by the doctrine of waiver.

G. Plaintiff's request for relief is barred, in whole or in part, by the doctrine of estoppel.

H. Plaintiff's request for relief is barred, in whole or in part, by the doctrine of unclean hands.

I. Defendant reserves the right amend these defenses, including adding defenses, as discovery continues or otherwise as such defenses become known.+

[*remainder of page left intentionally blank*]

**WHEREFORE,** Defendant respectfully requests that the Court dismiss all claims asserted in the Complaint with prejudice, award Defendant the costs and fees associated with the defense of this action, and grant such other, further relief in favor of Defendant as the Court deems just and proper.

Dated: September 10, 2026

Respectfully submitted,

**RAINES FELDMAN LITTRELL LLP**

*/s/ Robert C. Yan*
Robert C. Yan, Esq.
1350 Avenue of the Americas, 22nd Floor
New York, NY 10019
Tel.: 917.790.7100
ryan@raineslaw.com

-and-

**MICHAEL BEST & FRIEDRICH LLP**
Christopher J. Schreiber, Esq.
(*pro hac vice* forthcoming)
790 North Water Street, Suite 2500
Milwaukee, WI 53202
Tel.: 414.225.8284
Fax: 414.277.0656
cjschreiber@michaelbest.com

*Counsel to Defendant Winona Foods, Inc.*